IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ZAIRE EVANS,

          Petitioner,

      v.

STEVEN JOHNSON, et al.,

          Respondents.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 15-5279 (JBS)

**MEMORANDUM OPINION**

**SIMANDLE, Chief Judge:**

Before the Court is Petitioner Zaire Evans' ("Petitioner") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

1.    Petitioner challenges the February 3, 2006 judgment of conviction sentencing him to forty-five years with a thirty-two-and-a-half-year period of parole ineligibility.

2.    On September 30, 2003, a Camden County jury convicted Petitioner of aggravated manslaughter, N.J. STAT. ANN. § 2C:11-4(a)(1); felony murder, N.J. STAT. ANN. § 2C:11-3(a)(3); burglary, N.J. STAT. ANN. § 2C:18-2; possession of a weapon for an unlawful purpose, N.J. STAT. ANN. § 2C:39-4(a); unlawful possession of a weapon, N.J. STAT. ANN. § 2C:39-5(b); endangering an injured victim, N.J. STAT. ANN. § 2C:12-1.2; and certain persons not to have weapons, N.J. STAT. ANN. § 2C:39-7(b). (Docket Entry 1-1 at 47).

3.    On November 20, 2003, the Honorable William J. Cook, J.S.C., sentenced Petitioner to fifty years with a thirty-five-year parole disqualifier. (Docket Entry 1-1 at 48).

4.    Petitioner filed a timely appeal with the New Jersey Superior Court Appellate Division. (Docket Entry 1-1 at 50).

5.    The Appellate Division affirmed Petitioner's convictions, but remanded to the trial court for resentencing on the endangering and certain persons convictions. *State v. Evans*, No. A-3398-03, 2005 WL 3500583 (N.J. Super. Ct. App. Div. Dec. 23, 2005), *certif. denied*, 899 A.2d 302 (N.J. 2006).

6.    On February 3, 2006, the trial court resentenced Petitioner to 45-years imprisonment with a forty-five years with a thirty-two-and-a-half-year period of parole ineligibility. (Docket Entry 1-2 at 56).

7.    Petitioner filed a notice of appeal challenging the new sentence on September 26, 2006. (Docket Entry 1-2 at 59).

8.    Petitioner also filed a pro se motion for post-conviction relief in 2006. This motion was dismissed without prejudice, however, due to the pending appeal. *See State v. Evans*, No. A-1702-11, 2013 WL 4502752, at *1 (N.J. Super. Ct. App. Div. Aug. 26, 2013).

9.    On May 13, 2008, Petitioner moved to withdrawal his direct appeal from the Appellate Division. (Docket Entry 1-2 at

61). The appeal was officially dismissed by the court on July 3, 2008. (Docket Entry 1-2 at 62).

10.   Plaintiff filed another petition for post-conviction relief on November 5, 2008. (Docket Entry 1-2 at 68). After conducting an evidentiary hearing on April 1, 2011, the trial court denied Petitioner's application on April 13, 2011. (Docket Entry 1-2 at 64).

11.   The Appellate Division affirmed the denial of Petitioner's application on August 26, 2013, *State v. Evans*, No. A-1702-11, 2013 WL 4502752 (N.J. Super. Ct. App. Div. Aug. 26, 2013), and the New Jersey Supreme Court denied certification on July 3, 2014, *State v. Evans*, 94 A.2d 912 (N.J. 2014).

12.   Petitioner filed this habeas petition on July 6, 2015. (Docket Entry 1).

13.   Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

14. The Third Circuit Court of Appeals offers differing views on when a conviction becomes final after a defendant voluntarily discontinues his direct appeal. *Compare United States v. Parker*, 416 F. App'x 132 (3d Cir. 2011) (noting that time period for direct appeal includes time during which a defendant could appeal a voluntary dismissal), *with United States v. Sylvester*, 258 F. App'x 411, 412 (3d Cir. 2007) ("[T]he limitations period began to run when [defendant's] appeal was voluntarily dismissed. When an appeal is voluntarily dismissed, further direct review is no longer possible.").

15. When two Third Circuit panels conflict, and the Court of Appeals has not spoken *en banc* on the conflict, "the earlier decision is generally the controlling authority." *United States v. Tann*, 577 F.3d 533, 541 (3d Cir. 2009). In an abundance of caution, and because the end result does not change by including

the additional time, the Court will give Petitioner the benefit of the twenty days he had to petition the New Jersey Supreme Court for review of the Appellate Division's dismissal of his appeal. *See* N.J. CT. R. 2:12-3(a). Petitioner's direct review therefore concluded, and AEDPA's statute of limitations began to run, on July 23, 2008 at the latest.

16.   Petitioner filed his application for post-conviction relief on November 5, 2008, (Docket Entry 1-2 at 68), 105 days later. The AEDPA one-year statute of limitations was statutorily tolled until the conclusion of the state courts' review of the application on July 3, 2014. 28 U.S.C. § 2244(d)(2).

17.   "[T]he time during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll" AEDPA's statute of limitations. *Stokes v. Dist. Attorney of the Cnty. of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001), *cert. denied*, 534 U.S. 959 (2001). Petitioner therefore had 260 days from July 3, 2014 to file his federal habeas petition, for an end date of March 21, 2015. Petitioner did not file this petition until July 6, 2015. (Docket Entry 1).

18.   "[T]he AEDPA statute of limitations is an important issue, the raising of which may not necessarily be left completely to the state." *Long v. Wilson*, 393 F.3d 390, 402 (3d Cir. 2004). "[D]istrict courts are permitted . . . to consider,

*sua sponte,* the timeliness of a state prisoner's habeas petition." *Day v. McDonough,* 547 U.S. 198, 209 (2006).

19. AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). Because the Court is raising the issue of timeliness *sua sponte*, the Court will give Petitioner a chance to argue for equitable tolling. *See Day*, 547 U.S. at 210. ("[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions.").

20. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. . . . A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013).

21. In the interests of justice, Petitioner shall be ordered to show cause within 30 days of this Order why his Petition should not be dismissed as untimely under 28 U.S.C. §

2244(d)(1). *See Day*, 547 U.S. at 209 (holding that a show cause order is an appropriate method for the court to give notice to a petitioner for the *sua sponte* raising of a timeliness issue).

**August 26, 2015**
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
Chief U.S. District Judge