```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ZAIRE EVANS, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | |
| v. | Civil Action No. 15-5279 (JBS) |
| STEVEN JOHNSON, et al., | **OPINION** |
| Respondents. | |

APPEARANCES:

ALAN DEXTER BOWMAN, ESQ.
Gateway One
Suite 105
Newark, New Jersey 07102
    Attorney for Petitioner Zaire Evans

**SIMANDLE, Chief Judge:**

## I.   INTRODUCTION

Before the Court is Petitioner Zaire Evans' ("Petitioner") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Petition, Docket Entry 1). Petitioner challenges the February 3, 2006 judgment of conviction sentencing him to forty-five years with a thirty-two-and-a-half-year period of parole ineligibility. Upon initial review of this petition, the Court noted that on its face, it appeared the petition was untimely under the limitations period of 28 U.S.C. § 2244. The Court issued an Order to Show Cause inviting Petitioner to address this issue, (Docket Entry 3), to which Petitioner responded,

(Docket Entry 8). For the reasons stated herein, the Court will dismiss the petition as time-barred, and no certificate of appealability will issue.

**II.   BACKGROUND**

On September 30, 2003, a Camden County jury convicted Petitioner of aggravated manslaughter, N.J. STAT. ANN. § 2C:11-4(a)(1); felony murder, N.J. STAT. ANN. § 2C:11-3(a)(3); burglary, N.J. STAT. ANN. § 2C:18-2; possession of a weapon for an unlawful purpose, N.J. STAT. ANN. § 2C:39-4(a); unlawful possession of a weapon, N.J. STAT. ANN. § 2C:39-5(b); endangering an injured victim, N.J. STAT. ANN. § 2C:12-1.2; and certain persons not to have weapons, N.J. STAT. ANN. § 2C:39-7(b). (Da 38).[1] The trial court sentenced Petitioner to fifty years with a thirty-five year parole disqualifier. (Da 39). Petitioner filed a timely appeal with the New Jersey Superior Court Appellate Division. (Da 41); *State v. Evans*, No. A-3398-03, 2005 WL 3500583 (N.J. Super. Ct. App. Div. Dec. 23, 2005), *certif. denied*, 899 A.2d 302 (N.J. 2006).[2]

The Appellate Division affirmed Petitioner's convictions, but remanded to the trial court for resentencing on the

---

[1] "Da" refers the appendix submitted with the petition.
[2] "[A] court may take judicial notice of a prior judicial opinion." *McTernan v. City of York*, 577 F.3d 521, 525 (3d Cir. 2009). *See also* 28 U.S.C. § 2254 Rule 4(b) (permitting examination of "the record of prior proceedings" in the court's initial review).

2

endangering and certain persons convictions. *Id.* Petitioner was resentenced on February 3, 2006, to a forty-five-year term with a thirty-two-and-a-half-year period of parole ineligibility. (Da 97). According to Petitioner, counsel filed a notice of appeal challenging the resentencing on September 26, 2006, without his knowledge. (OTSC Response, Docket Entry 8 at 2). In the interim, Petitioner had filed a pro se petition for post-conviction relief ("PCR") on June 19, 2006. (Id.). The PCR petition was withdrawn due to the pending appeal, and Petitioner withdrew his appeal on May 13, 2008. (Id. at 3). The appeal was officially dismissed by the Appellate Division on July 3, 2008. (Da 103).

Plaintiff filed another PCR petition for post-conviction relief on November 5, 2008. (Da 109). After conducting oral argument on April 1, 2011, the trial court denied Petitioner's application on April 13, 2011. (Da 105). The Appellate Division affirmed the denial of the PCR petition on August 26, 2013, *State v. Evans*, No. A-1702-11, 2013 WL 4502752 (N.J. Super. Ct. App. Div. Aug. 26, 2013), and the New Jersey Supreme Court denied certification on July 3, 2014, *State v. Evans*, 94 A.2d 912 (N.J. 2014).

Petitioner filed this counseled habeas petition on July 6, 2015. Petitioner argues he was deprived of due process due to the admission of a coerced statement; that he was denied due process by the admission of improper "other crimes" evidence;

3

that the prosecutor impermissibly vouched for a witness; that he was denied due process by the trial court's refusal to dismiss the felony-murder charge; and that the PCR Court violated his due process rights by denying petitioner a hearing and imposing a time bar.[3] As it appeared during the Court's initial review of the petition that it may be time-barred, the Court issued an Order to Show Cause why it should not be dismissed. (Docket Entry 3). Petitioner filed a response on October 14, 2015. (OTSC Response, Docket Entry 8).

### III. STANDARD OF REVIEW

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

### IV. DISCUSSION

In response to this Court's Order to Show Cause, Petitioner argues through counsel that he should be given the benefit of equitable tolling because of the miscommunication between him

---

[3] The PCR Court determined several of Petitioner's claims were procedurally barred as he did not raise them on direct appeal, not time barred. (*See generally* PCR Court Opinion, Da 106-31).

4

and his appellate counsel regarding the filing of the appeal after resentencing. He asserts this miscommunication began a chain of events that resulted in his untimely § 2254 petition. Alternatively, Petitioner argues that his petition is timely because it was filed within one year of the New Jersey Supreme Court denying certification of his PCR appeal on July 3, 2014. (OTSC Response at 7).[4]

AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. "[T]he AEDPA statute of limitations is an important issue, the raising of which may not necessarily be left completely to the state." *Long v. Wilson*, 393 F.3d 390, 402 (3d Cir. 2004); *see also Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted . . . to consider, sua sponte, the timeliness of a state prisoner's habeas petition."). Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

---

[4] The court was in recess July 3, 2015, and July 5, 2015 was a Sunday. Fed. R. Civ. Pro. 6(a)(1).

>the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Third Circuit has not decided in a precedential opinion when a conviction becomes final for habeas purposes after a defendant voluntarily discontinues his direct appeal, and at least two panels have disagreed as to the relevant starting date. *Compare United States v. Parker*, 416 F. App'x 132 (3d Cir. 2011) (agreeing that "there is no known precedent for the proposition that a criminal defendant who seeks voluntary dismissal of an appeal is foreclosed from filing a petition for certiorari challenging the dismissal" (internal quotation marks omitted)), *with United States v. Sylvester*, 258 F. App'x 411, 412 (3d Cir. 2007) (finding it "not reasonably debatable" that the "conviction became final and the limitations period began to run when [the] appeal was voluntarily dismissed. When an appeal is voluntarily dismissed, further direct review is no longer possible."). When two Third Circuit panels conflict, and the Court of Appeals has not spoken en banc on the conflict, "the

6

earlier decision is generally the controlling authority." *United States v. Tann*, 577 F.3d 533, 541 (3d Cir. 2009). In an abundance of caution, and because the end result does not change by including the additional time, the Court will give Petitioner the benefit of the twenty days he had to petition the New Jersey Supreme Court for review of the Appellate Division's dismissal of his appeal. *See* N.J. Cт. R. 2:12-3(a). Petitioner's direct review therefore concluded, and AEDPA's statute of limitations began to run, on July 23, 2008, at the latest.[5]

**A. Statutory Tolling**

AEDPA's one-year statute of limitations is subject to statutory tolling during the pendency of any properly filed state post-conviction relief petition. 28 U.S.C. § 2244(d)(2). Therefore, the period between November 5, 2008 and July 3, 2014, did not count towards the one year. After the conclusion of the PCR proceedings, Petitioner had 260 days left to file a timely federal habeas petition as 105 days passed between the conclusion of direct review and the filing of the PCR petition.[6] Petitioner would have had to file his § 2254 petition by March

---

[5] Petitioner does not argue any of the other provisions of § 2244(d)(1) apply.
[6] "[T]he time during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll" AEDPA's statute of limitations. *Stokes v. Dist. Attorney of the Cnty. of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001), *cert. denied*, 534 U.S. 959 (2001).

21, 2015, in order for his petition to be timely-filed. As Petitioner did not file until July 6, 2015, the petition must be dismissed as untimely unless there is a basis for the application of equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (holding AEDPA's statute of limitations is subject to equitable tolling in appropriate cases).

**B. Equitable Tolling**

Petitioner argues he should be given the benefit of equitable tolling because the filing of a notice of appeal, purportedly without his knowledge, started a chain of events that precluded him from making a timely § 2254 filing. Under New Jersey law, a PCR petition must be filed within five years of the entry of the judgment of conviction. N.J. CT. R. 3:22-12(a)(1). Petitioner's judgment of conviction was entered on November 20, 2003; therefore, he was required to file his PCR petition by November 20, 2008. He filed a pro se PCR petition in 2006, but it had to be dismissed due to the pending direct appeal challenging the 2006 resentencing.[7] Petitioner argues he had to withdraw the direct appeal on May 13, 2008, as he was concerned the appeal would not be resolved by the PCR filing

---

[7] Petitioner states he did not learn of the pending appeal until he filed his PCR petition on June 19, 2006, (OTSC Response at 2), however the record reflects the appeal was not filed until September 26, 2006, (Da 100). Petitioner does not explain this contradiction.

8

deadline. (OTSC Response at 4). He also argues he was not advised that withdrawing the appeal would impact his habeas filing deadlines. (Id. at 5). Essentially, Petitioner argues that he could not have filed a timely habeas petition as he had to exhaust his state court remedies, and his ability to exhaust those remedies was impeded by forces beyond his control, namely the delays caused by the simultaneous filing of resentencing direct appeal and first PCR petition.

"There are no bright lines in determining whether equitable tolling is warranted in a given case. Rather, the particular circumstances of each petitioner must be taken into account." *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In analyzing whether the circumstances faced by Petitioner were extraordinary, "'the proper inquiry is *not how unusual the circumstance* alleged to warrant tolling is among the universe of prisoners, . . . *but rather how severe an obstacle it is for the prisoner* endeavoring to comply with AEDPA's limitations period.'" *Ross v. Varano*, 712 F.3d 784, 802-03 (3d Cir. 2013) (quoting *Pabon*, 654 F.3d at 400) (emphasis in original). There must also be a "causal connection, or nexus,

9

between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Id.*

Petitioner has not demonstrated that extraordinary circumstances prevented him from filing a timely habeas petition. The "procedural conundrum" of being required to exhaust state court remedies before filing a § 2254 petition does not warrant equitable tolling. *See Darden v. Sobina*, 477 F. App'x 912, 918 (3d Cir. 2012). "A prisoner seeking state postconviction relief might avoid th[e] predicament [of untimeliness] by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace*, 544 U.S. at 416 (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)). Moreover, nothing in the response to the order to show cause suggests why the confusion over the notice of appeal in 2006 prevented him from filing his habeas petition on time after the July 3, 2014 denial of certification by the Supreme Court.

Petitioner asserts he was not told the withdrawal of his direct appeal would impact his habeas filing deadline. Presuming this alleged omission led to the miscalculation of the statute of limitations, he still has not established extraordinary circumstances. Ignorance of the law or miscalculation of the statute of limitations do not constitute extraordinary circumstances warranting equitable tolling. *See Johnson v.*

10

*Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002), *cert. denied*, 538 U.S. 1022 (2003); *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) ("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."); *Sch. Dist. of City of Allentown v. Marshall*, 657 F.2d 16, 21 (3d Cir. 1981) ("[I]gnorance of the law is not enough to invoke equitable tolling."). Petitioner had nearly eight months after the New Jersey Supreme Court denied his PCR appeal to file a timely petition, and nothing in the petition or response suggests there is a "causal connection, or nexus, between the alleged extraordinary circumstances" and the failure to file a federal petition within those eight months. *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013). Having eight months rather than twelve to file this § 2254 petition is hardly an extraordinary obstacle.

As nothing in Petitioner's submissions to this Court indicates there was an obstacle beyond Petitioner's control that necessarily prevented him from filing a timely petition, there is no basis for equitable tolling. *See LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) (noting district courts "should be sparing in their use of this doctrine, applying equitable tolling only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice."

11

(internal citations and quotation marks omitted) (alteration in original)). The petition must therefore be dismissed as untimely.

### C. Certificate of Appealability

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The United States Supreme Court held in *Slack v. McDaniel* that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as untimely is correct.

### V. CONCLUSION

For the reasons state above, the habeas petition is dismissed as untimely under 28 U.S.C. § 2244. No certificate of appealability shall issue.

12

An accompanying Order will be entered.


**March 15, 2016**                      **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                        Chief U.S. District Judge